IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FAIRLY W. EARLS,

    Plaintiff,

v.

SALAM SYED, TIMOTHY DETERS,
RENEE SCHUELER, ANGELA HODGE,
TERESA GAIER, DENISE VALERIUS,
and RACHEL PAFFORD[1],

    Defendants.

ORDER

Case No. 19-cv-117-wmc

In an order entered on April 19, 2021, plaintiff Fairly W. Earls was granted leave to proceed on claims against defendants Angela Hodge, Teresa Gaier, Rachel Pafford, Salam Syed, Denise Valerius, and Renee Schueler. The Wisconsin Department of Justice filed a Notice indicating that it does not appear on behalf of defendant Timothy Deters.

Because plaintiff paid the full $400 filing fee, he is not proceeding *in forma pauperis*, which means that 28 U.S.C. § 1915(d) does not require that the court effect service on plaintiff's behalf. Rather, I am directing the clerk's office to forward the summons, complaint, and a copy of the court's April 19, 2021, screening order to plaintiff to arrange for service on defendant Timothy Deters following a method approved under Fed. R. Civ. P. 4. Attached to this order is the "Procedure for Serving a Complaint on an Individual in a Federal Lawsuit." The Attorney General's office has agreed to accept electronic service of documents on behalf of the defendants it represents through the court's electronic filing

---

[1] Defendants' names have been updated pursuant to the Acceptance of Service (dkt. # 13) and Answer (dkt. #14) filed by the Wisconsin Department of Justice.

1

system. This means that for the remainder of this lawsuit, plaintiff does not have to send a paper copy of each document filed with the court to the Attorney General's office or defendants Angela Hodge, Teresa Gaier, Rachel Pafford, Salam Syed, Denise Valerius, and Renee Schueler.

However, because the Department is not representing defendant Timothy Deters, plaintiff will still be required to send paper copies of each document filed with the court to counsel for Timothy Deters. Discovery requests or responses are an exception to the electronic service rule. Usually, those documents should be sent directly to counsel for the opposing party and do not have to be sent to the court. Discovery procedures will be explained more fully at the soon-to-be-scheduled preliminary pretrial conference.

ORDER

IT IS ORDERED that the clerk's office is directed to forward the summons and a copy of the complaint and the court's April 19, 2021, screening order to plaintiff to arrange for service on defendant Timothy Deters. Plaintiff is to promptly serve the summons, complaint, and April 19th screening order, on defendant Timothy Deters and file proof of service as soon as service has been accomplished.

Entered this 25th day of June, 2021.

BY THE COURT:

/s/

PETER OPPENEER
Magistrate Judge