IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FAIRLY EARLS,

        Plaintiff,                  OPINION AND ORDER

v.

                                          18-cv-332-wmc

TIMOTHY DETERS[1] and
SALAMUIIAH SYED,

        Defendants.

---

FAIRLY EARLS,

        Plaintiff,                  OPINION AND ORDER

v.

                                          19-cv-117-wmc

SALAMUIIAH SYED, TIMOTHY
DETERS, RENEE SCHUELER,
ANGELA HODGE, TERESA GAIER,
DENISE VALERIUS, and JACKIE PAFFORD,

        Defendants.

---

*Pro se* plaintiff Fairly Earls, who is currently incarcerated at Columbia Correctional Institution ("Columbia"), is proceeding in the above-captioned cases on Eighth Amendment and Wisconsin negligence claims, related to medical care Columbia employees provided Earls in August of 2017. In Case No. 18-cv-332, Earls is pursuing claims against defendants Timothy Deters and Dr. Syed on claims related to his medical care for "Impetigo-Bullous-bilateral" between July and August of 2017. In Case No. 19-cv-117-wmc, Earls is pursuing claims that these same two defendants, as well as several other

---

[1] The court has corrected the spelling of this defendant's name, consistent with his answer to the complaint in the '332 case.

Columbia health care professionals, challenging the medical treatment he received for an injury plaintiff alleges to have suffered in August of 2017, when he was being transported for treatment for his impetigo. Defendants have filed a motion to consolidate these two cases for purposes of discovery and dispositive motion deadlines ('332 Case, dkt. #34; '117 case, dkt. #23), which the court is granting.

OPINON

Under Federal Rule of Civil Procedure 42(a), the court has discretion to consolidate actions if they "involve a common question of law or fact." The Court of Appeals for the Seventh Circuit encourages courts to consolidate actions in which "the legal issues and facts overlap significantly." *McDonald v.* Hardy, 821 F.3d 882, 893 (7th Cir. 2016). Defendants ask that the court consolidate these two cases because the claims involve overlap between the parties, the same counsel, the relevant events occurred during the same time frame, and the claims involve similar questions of law. Defendants further point out that the only reason these cases are not on the same track already is that although a preliminary pretrial conference has been held in the '332 case, that has not occurred yet in the '177 case because defendant Deters has yet to file his answer in that case.

Plaintiff opposes the motion, first raising a concern that he will lose the opportunity to collect discovery with respect to the '332 case if discovery is stayed in both cases. However, in consolidating these cases, the court will also stay all proceedings, including discovery, in *both* cases until defendant Deters has filed an answer and these cases can be set for a scheduling conference. Although the '332 case will be treading water for a short

period of time, given that the scheduling order was entered less than one month ago, the efficiencies for the parties and the court created by placing these cases on the same discovery schedule outweigh any inconvenience caused by staying the '332 case. Plaintiff also raises a concern that consolidation violates Federal Rules of Civil Procedure 8 and 20, but placing these two cases on the same schedule does not mean that the claims will be intermingled. Instead, consolidation here is limited to discovery and scheduling, which will enable the parties to collect all discovery related to both cases at the same time. Given the common parties, timing of relevant events, and legal issues, this approach makes the most sense.

## ORDER

IT IS ORDERED that:

1. Defendants' motion to consolidate these two lawsuits for purposes of discovery and dispositive motion deadlines ('332 Case, dkt. #34; '117 case, dkt. #23) is GRANTED.

2. The discovery and trial schedule in the '332 case is STAYED, to be reset during a preliminary pretrial conference, to be scheduled in these two cases once defendant Deters files an answer or otherwise pleads in the '117 case.

Entered this 14th day of September, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge